MANUEL MORAZA, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN, (FIRST SECTION), Respondent.

No. 898. Submitted November 10, 1933.—Decided November 29, 1933.

*Manuel Moraza, in pro. per.,* for appellant. The registrar appeared by brief.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Manuel Moraza purchased at a public sale, held on February 29, 1932, by the collector of internal revenue of this city for the collection of certain taxes owed by the taxpayer

Octaviano J. Herrera, an urban property situated in the North Section of Santurce, Municipality of San Juan. On June 3, 1932 the collector issued to the grantee the corresponding certificate evidencing such sale. Upon the expiration of the time provided by law for the redemption of the property sold, the certificate issued by the collector was presented in the registry for record. The registrar denied the record in the following decision:

"Record of this document is denied because it is observed that the mortgage credit of J. Clivillés and Company, Successors, *S. en C.*, represented by a promissory note, has been assigned by the indorsement of said note in favor of The National City Bank of New York, as appears from the mention thereof made by the bank in acknowledging a partial cancellation of said credit and from a notice of the pendency of a suit to foreclose the same credit; and said creditor has not been notified of the sale, nor has it been shown that service by publication has been made to notify any person who may be the holder of the said note, all in accordance with section 315 of the Political Code; and a cautionary notice has been entered for 120 days, at folio 205, volume 161 of Santurce, North Section, property No. 6943, inscription A."

The registrar says that the legal requirements regarding mortgages represented by obligations to bearer were not complied with in the proceeding, the service of notice made in the case at bar being insufficient. There is no doubt that the collector had knowledge that the property sold was subject to a mortgage recorded in favor of the mercantile firm J. Clivillés & Co., Succrs., *S. en C.*, to secure a promissory note subscribed by the debtor Octaviano J. Herrera. In a communication addressed to the collector of internal revenue on April 7, 1932, and subscribed by the registrar A. Malaret, it is said that this property is subject to a mortgage in favor of J. Clivillés & Co., Succrs., *S. en C.*, for $700, according to the first inscription, and to another mortgage in favor of the bearer of a promissory note for $700, according to the second inscription.

The registrar states his position with clearness and precision. It is required by section 315 of the Political Code that notice of the sale must be served on all persons having a mortgage or other lien on the sold property, and that such notice should contain the date of the sale, the amount for which the property was sold, and such other facts as the Treasurer may deem advisable. In order that a purchaser at a tax sale may be vested with title, it is necessary to show that said sale has been notified to all interested persons. *Salgado* v. *Registrar of San Juan*, 26 P.R.R. 157. On the face of the certificate it appears that Octaviano J. Herrera as owner, and J. Clivillés & Co., Succrs., *S. en C.*, and Paula Pineda, as holders of mortgage notes, and having an interest in the auction, were notified of the sale according to the cited section 315. The registrar in his brief, states the reasons for his refusal to make the record, as follows:

"When the grantee presented this title for record, we found that the real right was originally recorded in favor of J. Clivillés & Co., Succrs., *S. en C.*, to secure a promissory note, and there was no formal entry of the assignment of the credit, although the note representing the same appeared indorsed in favor of The National City Bank of New York, which 'as the present holder' of the note partially cancels the mortgage, the reduction being entered on the back of the note. We now find that The National City Bank, indorsee of the note which was originally issued in favor of J. Clivillés & Co., Succrs., *S. en C.*, has not been served with notice of the sale made by the collector of internal revenue in accordance with sec. 315 P. C., and similarly no notice to a third indorsee of said note appears from the certificate, on the assumption that the bank transferred such obligation. It is our opinion that the collector, in order to comply with the provisions of sec. 315 P. C., should not only have served notice of the sale on J. Clivillés & Co., as the probable original holder of the note, and to The National City Bank of New York, as indorsee, but also on any unknown holder of the said mortgage obligation, in order that such unknown holder might exercise his right in accordance with the law. Hence it is necessary to show that service by publication has been made notifying said unknown holder of the note."

We think that the registrar is right. When mortgage loans consist of obligations payable to bearer, the most effective and advisable method of serving notice on the interested parties is by publication. Said obligations frequently pass from hand to hand. The holder of a promissory note today may not be such holder tomorrow, and in order to comply with the requisites prescribed by law it is only natural that notice is served on the holders of obligations in accordance with the entries appearing in the registry, and that in addition the supplemental method of service by publication be resorted to in order to notify other probable holders of said obligations. The present case emphasizes the correctness of the views stated by the respondent. At the time the registrar informed the collector of internal revenue regarding the encumbrances which burdened the realty, the National City Bank did not appear as holder of the promissory note, which was originally issued in favor of J. Clivillés & Co., Succrs., *S. en C.* No notice was served on The National City Bank, simply because the collector of internal revenue did not then know that said bank was the holder of the above-mentioned note.

The appellant urges that even in case service by publication were required, the registrar should have made the record with a curable defect, since such requisite might be complied with at any time, if necessary. The registrar argues that the failure to serve notice of the sale by publication precludes the recording of the certificate, and that such failure can not be regarded as a curable defect. In our opinion the record can not be made. Section 348 of the Political Code provides that the period allowed for redemption of the property sold is to be counted from the date of the certificate of purchase. The collector of internal revenue should not issue said certificate until all the requisites prescribed by law have been complied with, including service of the notice of the sale on the owner, his heirs, or assigns, or on any other person having a right or interest in the property, so that the right of redemption

may be availed of by the interested parties at the proper time. If the period allowed for redemption is counted from the date of the certificate of purchase, it seems logical that this certificate should not be issued until all the interested parties have been served with notice in order to avoid that such period should begin to run before said service has been made.

The decision appealed from must be affirmed.